IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| KEVIN FREEMAN,<br>3689 Dockside Drive<br>Warrenton, Virginia 20187<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.<br><br>SERVE: Corporation Service Corporation<br>       Registered Agent<br>       100 Shockoe Slip, Fl. 2<br>       Richmond, Virginia 23219<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: Case No. _____<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

COMES NOW the plaintiff, Kevin Freeman ("Plaintiff" or "Mr. Freeman"), by and through his undersigned counsel, Broderick C. Dunn, Esq., Philip C. Krone, Esq., and the law firm of Cook Craig & Francuzenko, PLLC, and in support of his Complaint against the defendant, United Parcel Service, Inc. ("Defendant" or "UPS"), states as follows:

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the Complaint alleges violations of Title VII of the Civil Rights Act of 1964 ("Title VII").

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because the Eastern District of Virginia is where Defendant resides.

## PARTIES

3.      Plaintiff is an African American male. Plaintiff resides in Warrenton, Virginia.

4.      UPS is an American multinational package delivery and supply chain management company. While Defendant claims to be an equal opportunity employer that prohibits discrimination or retaliation in the workplace, Defendant's actions towards Mr. Freeman belie those claims.

## FACTS

5.      Defendant hired Plaintiff as a part-time loader on April 22, 2008.

6.      In July of 2008, Defendant promoted Plaintiff to part-time supervisor on Preload.

7.      In 2009, Defendant promoted Plaintiff to full-time supervisor on Preload. Additionally, Defendant recognized Mr. Freeman for his superior work related to the roll out and implementation of new machinery on preload.

8.      In 2011, Defendant promoted Plaintiff to full-time On Road Supervisor at Defendant's Leesburg Center.

9.      In 2013, Defendant transferred Plaintiff to its Reston Delivery Center where Mr. Freeman spent four (4) months as Acting Business Manager when Reston's Business Manager, John Travis ("Mr. Travis"), was out on leave.

10.     In 2015, Defendant promoted Mr. Freeman to Lead Supervisor for all On Road Supervisors for Defendant's Reston Delivery Center. Plaintiff also served as Acting Business Manager when Stuart Nunn ("Mr. Nunn"), Reston's Business Manager, was out.

11. Under Mr. Freeman's leadership, the Reston Delivery Center was recognized for having the lowest injury rate.

12. In 2017, again under Mr. Freeman's leadership, the Reston Delivery Center was recognized for its sales initiatives.

13. In 2018, as a result of Mr. Freeman's demonstrated, exemplary performance exceeding UPS's legitimate expectations, Defendant promoted Plaintiff to serve as Business Manager at the Reston Delivery Center.

14. That same year, Defendant recognized Mr. Freeman's unit for having the largest reduction in accidents and injuries and for promoting a safe culture. The unit was also recognized for being a leading UPS center in terms of production.

15. On June 18, 2019 Plaintiff was confronted by Greg O'Leary ("Mr. O'Leary"), UPS Security Investigator, Frank German ("Mr. German"), UPS Security Manager, and Amanda Levy ("Ms. Levy"), Human Resources Representative. They accused Plaintiff of electronically editing Driver timecards to change Driver start times and reducing Driver finish times without the knowledge or consent of any Driver.

16. After intense questioning by Mr. O'Leary, Mr. German and Ms. Levy, Plaintiff admitted to editing timecards. Defendant terminated Mr. Freeman's employment on or about June 27, 2019.

17. Defendant's overly harsh discipline of Plaintiff was surprising for such a minor bookkeeping infraction. In fact, such practice was commonplace at UPS. During Plaintiff's decade plus employment at UPS, he has seen similarly situated, non-African American Business Managers edit timecards.

18. There are four such white male comparators who, upon information and belief, remain employed by Defendant to this day.

19. The only other UPS employee and comparator terminated by Defendant is Philip Morales ("Mr. Morales"), a Hispanic male.

20. Plaintiff's termination was based on his race. If he were not African American, Plaintiff would still be employed.

21. As a result of Plaintiff's termination, Plaintiff was not paid a bonus, lost stock options and lost wages.

22. Plaintiff further suffered emotional and physical distress due to the loss of his job at UPS.

23. On October 3, 2019, Plaintiff filed his Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission. Plaintiff was *Pro Se*.

24. On September 1, 2020, the EEOC issued its Dismissal and Notice of Rights to Plaintiff and Plaintiff received the Dismissal and Notice of Rights on or about September 5, 2020.

## COUNT I

### (Race Discrimination in Violation of Title VII)

25. Plaintiff restates the allegations contained in paragraphs 1-24 of the Complaint as if fully set forth herein.

26. Plaintiff is a member of a protected class based on his race, African American.

27. Plaintiff has satisfactory job performance as evidenced by his long tenure, frequent promotions, and receipt of awards and accolades from UPS.

28. Plaintiff was subject to an adverse employment action when Defendant terminated his employment on or about June 27, 2019.

29. Similarly situated employees such as the previously mentioned four white male comparators were not similarly disciplined and still remain employed by UPS.

30. As a result of Defendant's actions, Mr. Freeman has suffered past and future wage loss and physical and emotional distress from the cessation of his gainful employment with Defendant.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff, Kevin Freeman, demands judgment against the defendant, United Parcel Service, Inc. as follows:

a) $120,000 in lost wages or in an amount to be proven at trial;

b) $1,000,000 in future lost wages or in an amount to be proven at trial;

c) $300,000 in compensatory damages;

d) $300,000 in punitive damages;

e) Plaintiff's attorneys' fees and costs as provided by statute; and

f) All other relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues raised herein so triable.

Respectfully submitted,

/s/ Broderick C. Dunn

Broderick C. Dunn, (VSB No. 74847)
Philip C. Krone, (VSB No. 87723)
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, Virginia 22030
Telephone: 703.865.7480
Facsimile: 703.434-3510
bdunn@cookcraig.com
pkrone@cookcraig.com
*Counsel for Plaintiff Kevin Freeman*